**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANTHONY LEROY DAVIS,

                Petitioner,

     v.                      CASE NO.  16-3078-SAC

JARRIS PERKINS,

                Respondent.

<u>**MEMORANDUM AND ORDER**</u>

Mr. Davis, a Kansas inmate at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF),[1] filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. The court is required by Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.;* see also *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). 28 U.S.C. § 2241(c)(3) pertinently provides that the writ of habeas corpus shall not extend to a prisoner

---

[1] In 1989, Davis was convicted by a jury of first degree felony murder, aggravated arson, and aggravated robbery. He was sentenced to life in prison, a concurrent term of five-to-twenty years, and a consecutive term of ten-to-twenty years. His convictions were affirmed by the Kansas Supreme Court. *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (Kan. 1990). He also unsuccessfully challenged his convictions by way of state post-conviction proceedings that were affirmed by the Kansas Supreme Court. See *State v. Davis*, 271 Kan. 892, 26 P.3d 681 (2001).

unless he is in custody in violation of the Constitution or laws or treaties of the United States.  Having examined all materials filed, the court dismisses this action upon screening because petitioner fails to state facts establishing a violation of federal constitutional or statutory law that would entitle him to habeas corpus relief under Section 2241 and because petitioner's challenges to his state court convictions are not properly litigated in this Section 2241 petition and are second and successive in any event.

**PENDING MOTIONS**

The court first rules on petitioner's pending motions. Petitioner's Motion for Leave to Proceed in forma pauperis on his habeas claims is granted based upon the financial information regarding his inmate account.  Petitioner's Motion for Hearing (Doc. 4) is actually his "Notice of Hearing" attempting to set this matter for hearing on May 24, 2016, with petitioner and the defendants present.  This motion is neither necessary nor appropriate since, as Mr. Davis is aware, screening is required before defendants are served.  And, this motion contains no grounds or legal authority for conducting a hearing at this juncture.  To the extent that this is a motion, it is denied.  Petitioner's "Notice of Motion and Hearing" (Doc. 5) was docketed together with petitioner's "Motion for Leave to File Amended Petition" (Doc. 5).  This second improper Notice of

2

Hearing is denied.  Petitioner's motion to file Amended Petition is granted, and the clerk is directed to copy and file the Amended Petition attached to this motion.

**ALLEGATIONS AND CLAIMS**

Petitioner's Amended Petition completely supersedes his original petition (Doc. 1).  The court proceeds to screen the Amended Petition.

Petitioner's answers to preliminary questions on his form Amended Petition are confusing at best, and indicate, if anything, that he is again improperly attempting to challenge his 1989 state criminal convictions[2] and prior decisions upholding those convictions.[3]  These answers cannot be read to state a claim for relief.  Mr. Davis was directed to state all his claims along with facts in support under the section for grounds in his petition.  As Ground One, he claims "Constitutional procedural due process requirements may apply to petitioner's deprivation of interests" and baldly refers to the

---

[2]    Petitioner was directed to provide more information about the decision that he is challenging in this action including the court, case number, and the decision under challenge.  He listed this court, the case number from its 2014 decision dismissing his last petition under 28 U.S.C. § 2254 as second and successive (2014-cv-3144-SAC-DJW), which dismissal was affirmed on appeal; and as the decision being challenged he listed *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (1990) along with the Tenth Circuit's decision affirming this court's dismissal in 14-3144.

[3]    He repeats several times that he was granted leave to proceed in forma pauperis on appeal in *Davis v. Brownback*, App.Case No. 16-3010 (10th Cir. May 9, 2016), where he attempted to raise various types of claims, including challenges to his state convictions that were dismissed as second and successive and, as noted, that dismissal was affirmed on appeal.

Fourteenth Amendments protection of liberty and property.  Under supporting facts for this Ground, he refers to Disciplinary "Case No. 16-03-111 on April 5, 2016" and alleges as follows. "Respondent continuing (sic) unlawful" and "extremely harsh" frequent deprivals of petitioner's "flat time credit" and "money by fines."[4]  As Ground Two, petitioner claims "innocent," conspiracy to interfere with his civil rights, obstructing justice, intimidating witness.[5]  In support, he cites his criminal case (*State v. Davis*, No. 88CR684) and alleges that his co-defendant, trial counsel, prosecutor, and trial judge acted together "with respect to petitioner' original transcript that may exonerate petitioner."[6]  As Ground Three, petitioner claims "Failure to Correct Testimony of Prosecution Witness" violated due process.  In support, he again refers to Case No. 88CR684 and claims that the State withheld "Brady material" showing that his codefendant gave clearly erroneous testimony that was not corrected by the State's attorney.  As Ground Four, petitioner

---

[4]     Petitioner also alleges "prison gaurds (sic) malfeasance" and malice in that they "knowingly attached" another inmate's papers from Case 16-03-069 to petitioner's disciplinary appeal.  Mr. Davis attached copies of these admittedly irrelevant papers to both his original and his amended petitions. These allegations and irrelevant papers present no grounds for federal habeas corpus relief.

[5]     Petitioner cites 42 U.S.C. 1985, but habeas claims are not brought under this statute.

[6]     As the last sentences under supporting facts for Grounds One and Two, petitioner adds completely conclusory and formulaic statements of atypical hardship and disparate treatment that do not follow from the other statements.  These bald claims are not supported by any facts.

claims "illegal sentences" and "bill of Attainder imposed on petitioner based upon" his "being of Negroids/Ethiopic Jew on respondent's watch."   In support, he again cites Case No. 88CR684.   He then makes vague allegations regarding the consecutive and concurrent natures and satisfaction of his 1989 sentences "under Kansas law".   He cites several Kansas statues and regulations with no clear explanation as to why and how they apply to his sentences or entitle him to the requested relief.

Petitioner's asks the court to find "substantial evidence" that a writ of habeas corpus is warranted and to award the writ "forthwith."

## ANALYSIS

Mr. Davis has previously been designated a three-strikes litigant.   He has also previously been barred from filing successive habeas corpus petitions with good reason.   To date, he has filed 44 cases in federal courts.[7]   Mr. Davis is no stranger to the courts and yet continues to repeat claims that have previously been denied and include claims that are not properly litigated in a Section 2241 petition.   In the instant habeas petition, he also continues his improper practice of filling his petition with legalistic phrases and unexplained citations rather than clear, relevant grounds and facts showing

---

[7]   He has filed 20 civil rights actions and 13 habeas corpus petitions in this court and is listed on Pacer as a party in 11 cases in other federal districts.

that he is entitled to relief under Section 2241 and then attaching numerous exhibits without reference and explanation in the petition.

The court dismisses Ground One in the petition without prejudice because this permissive assertion of a due process ground is vague and formulaic and makes no legal sense. Furthermore, no supporting facts whatsoever are alleged that might clarify this assertion or show a violation of due process in connection with Disciplinary Action Case No. 16-03-111. Even though in past cases, the court has parsed Mr. Davis's many exhibits in search of a factual or legal basis for his obscure claims, it is under no obligation to do so.[8] Petitioner does not refer to any of his exhibits in his supporting facts, and his claims of deprival of flat time credit and money by fines are nothing but conclusory statements. The court concludes that petitioner utterly fails to show his entitlement to forthwith issuance of a writ of habeas corpus writ under Ground One.

The court dismisses Grounds Two, Three and Four because these claims are challenges to petitioner's 1989 state court convictions. Mr. Davis is fully aware that he may only litigate

---

[8]    The court nonetheless reviewed the 40 pages of exhibits attached to the Amended Petition and discovered no factual basis for Ground One. Thirty nine of these pages show no apparent relevance to Disciplinary Case No. 16-03-111. Many may concern an unrelated disciplinary incident that petitioner challenges in another case. The only exhibit that refers to Disciplinary Case No. 16-03-111 is a copy of "Disciplinary Appeal to the Secretary," which contains vulgar and conclusory criticisms of the hearing officer, again with no supporting facts whatsoever.

such claims in a petition under 28 U.S.C. § 2254. He is also fully aware that any Section 2254 petition would be second and successive and may not be filed in this court without preauthorization from the Tenth Circuit Court of Appeals.

Mr. Davis has been advised many times that he must state claims and supporting facts in his petition and that challenges to his state court convictions must be brought in a Section 2254 petition that would be second and successive. For this reason, the court finds that it would be futile to provide Mr. Davis with another opportunity to amend this petition.

In summary, the court dismisses petitioner's habeas claim that appears to challenge a particular prison disciplinary proceeding for failure to assert a recognizable federal constitutional or statutory claim and failure to state facts in support. The court dismisses petitioner's other claims, which are challenges to his state court convictions, because they may not be litigated in this Section 2241 petition and are second and successive.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted and petitioner's Motion for Hearing (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Amended Petition (Doc. 5) is granted, and the clerk is

7

directed to copy and file the document attached to this motion as petitioner's Amended Petition.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that this court certifies that any appeal of this action is not taken in good faith and that any motion by plaintiff to proceed in forma pauperis on appeal is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.[9]

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2016, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**

_____

[9] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." Petitioner has not made a substantial showoing of the denial of a constitutional right.